```
              UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) 04 CR 10221 RWZ |
|  | ) CRIMINAL NO: |
| v. | ) |
|  | ) VIOLATIONS: |
| NURIA SOLE | ) |
|  | ) 21 U.S.C. § 846 - Conspiracy |
|  | ) To Distribute, and to Possess |
|  | ) With Intent To Distribute, |
|  | ) A Controlled Substance |
|  | ) |
|  | ) 21 U.S.C. § 853 - Forfeiture |
|  | ) Allegation |

## INDICTMENT

COUNT ONE:   (21 United States Code, Section 846 - Conspiracy to Distribute, and to Possess With Intent to Distribute, a Controlled Substance)

The Grand Jury charges that:

From in or about November 2002, and continuing thereafter until in or about October 2003, at Boston, Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO:       (21 United States Code, Section 846 - Conspiracy to Distribute, and to Possess With Intent to Distribute, a Controlled Substance)

The Grand Jury further charges that:

From in or about December 2003, and continuing thereafter until in or about February 2004, at Boston, Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT THREE:    (21 United States Code, Section 841(a)(1) -
                Possession With Intent to Distribute a Controlled
                Substance)

The Grand Jury further charges that:

On or about December 12, 2002, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute gamma butyrolactone, a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT FOUR:     (21 United States Code, Section 841(a)(1) -
                Possession With Intent to Distribute a Controlled
                Substance)

The Grand Jury further charges that:

On or about April 21, 2003, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute gamma butyrolactone, commonly known as "GBL," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT FIVE:     (21 United States Code, Section 841(a)(1) – Possession With Intent to Distribute a Controlled Substance)

The Grand Jury further charges that:

On or about September 30, 2003, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT SIX:         (21 United States Code, Section 841(a)(1) -
                   Possession With Intent to Distribute a Controlled
                   Substance)

The Grand Jury further charges that:

On or about November 6, 2003, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute gamma butyrolactone, a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT SEVEN:     (21 United States Code, Section 841(a)(1) -
                 Possession With Intent to Distribute a Controlled
                 Substance)

The Grand Jury further charges that:

On or about November 7, 2003, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT EIGHT:    (21 United States Code, Section 841(a)(1) –
                Possession With Intent to Distribute a Controlled
                Substance)

The Grand Jury further charges that:

On or about January 16, 2004, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

8

COUNT NINE:     (21 United States Code, Section 841(a)(1) -
                Possession With Intent to Distribute a Controlled
                Substance)

The Grand Jury further charges that:

On or about February 6, 2004, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT TEN:        (21 United States Code, Section 841(a)(1) -
                  Possession With Intent to Distribute a Controlled
                  Substance)

The Grand Jury further charges that:

On or about February 6, 2004, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute gamma butyrolactone, commonly known as "GBL," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

COUNT ELEVEN:   (21 United States Code, Section 841(a)(1) -
                Possession With Intent to Distribute a Controlled
                Substance)

The Grand Jury further charges that:

On or about March 5, 2004, at Bedford, and elsewhere in the District of Massachusetts, and elsewhere,

NURIA SOLE,

defendant herein, did knowingly and intentionally possess with intent to distribute 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in Title 21, United States Code, Section 802(32), intended for human consumption, as stated in Title 21, United States Code, Section 813.

All in violation of Title 21, United States Code, Sections 841(a)(1), 802(32) and 813.

**Notice of Additional Factors**

The Grand Jury further finds that:

1. The offense charged in Count One involved at least 50 grams of methamphetamine and at least 500 grams of a mixture or substance containing a detectable quantity of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(A) applies.

2. The offense charged in Count Two involved at least 5 grams of methamphetamine and at least 50 grams of a mixture or substance containing a detectable quantity of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(B) applies.

3. The Defendant, Nuria Sole, is accountable for at least 500 grams but less than 1,500 grams of methamphetamine (actual). Accordingly, USSG §2D1.1(c)(2) applies.

4. The Defendant, Nuria Sole, is accountable for at least 500 grams but less than 1,500 grams of "ice," i.e. methamphetamine having a purity of at least 80%. Accordingly, USSG §2D1.1(c)(2) applies.

5. The Defendant, Nuria Sole, is accountable for at least 500 grams but less than 1,500 grams of a mixture or substance containing a detectable amount of methamphetamine. Accordingly, USSG §2D1.1(c)(4) applies.

6. The Defendant Nuria, Sole, is accountable for at least 80,000 units but less than 100,000 units of a Schedule I depressant, namely, 33 kilograms of gamma butyrolactone, commonly

known as "GBL," a controlled substance analogue, as defined in 21 U.S.C. § 802(32), intended for human consumption, as stated in 21 U.S.C. § 813, and 21 liters of 1,4 butanediol, commonly known as "BD," a controlled substance analogue, as defined in 21 U.S.C. § 802(32), intended for human consumption, as stated in 21 U.S.C. § 813. Accordingly, USSG §2D1.1(c)(8) applies.

7.   The Defendant, Nuria Sole, abused a position of private trust and used a special skill in a manner that significantly facilitated the commission and concealment of the offenses. Accordingly, USSG §3B1.3 applies.

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1.  As a result of the offenses alleged in Counts One and Two of this Indictment, NURIA SOLE, defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2.  If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant -

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; July 22, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK    4:08 PM