UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>NURIA SOLE, )<br>)<br>Defendant. ) | Criminal No. 04-10221-RWZ |

### DEFENDANT NURIA SOLE'S MOTION TO DISMISS COUNTS THREE THROUGH ELEVEN OF THE INDICTMENT AGAINST HER

Now comes the defendant, NURIA SOLE, and moves this Honorable Court to dismiss Counts Three through Eleven of the Indictment against her. As grounds thereof, defendant states the following, as well as relying on the facts and law set forth in the accompanying memorandum of law, the contents of which are incorporated by reference herein:

1. On July 22, 2004, the Grand Jury returned an eleven (11) count indictment against Nuria Sole. Counts Three, Four, Six, and Ten charge possession with intent to distribute gamma butyrolactone (GBL); counts Five, Seven, Eight, Nine, and Eleven charge possession with intent to distribute 1,4 butanediol (BD). The Indictment charges that these two substances are controlled substance analogues as defined in 21 U.S.C. § 802(32) that were intended for human consumption as stated in 21 U.S.C. § 813.

2. In order to demonstrate that a particular substance is a "controlled substance analogue," the Government has the burden of proving that the chemical structure of the particular substance is substantially similar to the chemical structure of a controlled substance in schedule I or II and that either the substance has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to that of a controlled substance or that a defendant has represented that the substance has such a stimulant, depressant, or hallucinogenic effect.

3. Ms. Sole contends that neither BD nor GBL have a chemical structure that is "substantially similar" to that of gamma-hydroxybutyrate acid (GHB); therefore, the first part of the two part definition of "controlled substance analogue" is not satisfied.

4. Defendant Sole contends that as applied to the facts of her particular case, the Analogue Act is unconstitutionally vague with regard to both BD and GBL. A statute which proscribes a particular conduct in ". . . terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . ." violates due process. United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2003). The phrase "void for vagueness" simply means that a defendant should not be found criminally responsible when he or she could not reasonably have understood that his or her conduct was prohibited. See Washam, 312 F.3d at 929.

5. In evaluating a constitutional challenge to a statute on vagueness grounds, a court must consider both whether the statute provides notice to the public and whether the statute adequately curtails arbitrary enforcement. See Kolender v. Lawson, 461 U.S. 352, 357-58 (1983). It is Ms. Sole's contention that as applied to the facts of this case, the Analogue Act does not provide adequate notice that possession of either BD or GBL is prohibited. Additionally, the facts of the present case make clear that the Analogue Act lends itself to arbitrary enforcement as to both BD and GBL.

**WHEREFORE**, defendant respectfully requests that this Court dismiss Counts Three through Eleven of the Indictment against her.

                                        Respectfully submitted,
                                        **NURIA SOLE,**
                                        By her attorneys,

                                        /s Christie M. Charles
                                        _____
                                        George F. Gormley (BBO# 204140)
                                        Christie M. Charles (BBO# 646995)
                                        ***George F. Gormley, P.C.***
                                        655 Summer Street
                                        Boston, MA 02210
                                        (617) 478-2750

**Dated:**        May 18, 2005