UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10221-RWZ

UNITED STATES OF AMERICA

v.

NURIA SOLE

MEMORANDUM OF DECISION

July 15, 2005

ZOBEL, D.J.

Defendant Nuria Sole has moved to dismiss Counts Three through Eleven of an indictment charging her with violating the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. §§ 802(32)(A), 813.  More specifically, she is charged with possession with intent to distribute gamma butyrolactone ("GBL") (Counts Three, Four, Six and Ten), and 1, 4 butanediol ("BD") (Counts Five, Seven, Eight, Nine and Eleven). In her motion, defendant asserts that the definition in the statute, 21 U. S. C. § 802 (32)(A) and (B), is unconstitutionally vague as to the drug BD, too broad as to GBL, and that the entire statute is so vague as to lend itself to arbitrary enforcement.  Both parties have attached to their briefs affidavits of experts concerning the structural similarities of BD and GBL to the listed chemical, gamma butyrolactone (GHB"), or lack thereof.

Section 802 (32)(A) defines a "controlled substance analogue" as a substance -

(i)  the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

(ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or

(iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U. S. C. § 802 (32)(A).

First, I agree with defendant, and the government acknowledges that the weight of authority is against its opposing position, that the statute is properly read in the conjunctive, that is, the government has to show similar chemical structures, subparagraph (i), and the applicability of either subparagraph (ii) or (iii).  However, neither reading of the statute affects the central argument – vagueness.

Second, the statute is not vague as to either of the drugs in issue.  A person of ordinary intelligence would understand that a chemical that is structurally and pharmacologically similar to a schedule I controlled substance would meet the definition of a controlled substance analogue.  That has also been the conclusion of every Court of Appeals that has considered the matter.  United States v. Ansaldi, 372 F.3d 118 (2d Cir. 2004) (GBL); United States v. Roberts, 363 F.3d 118 (2d Cir. 2004) (BD); United States v. Washam, 312 F.3d 928 (8th Cir. 2002)(BD); United States v. Turcotte, 405 F.3d 515 (7th Cir. 2004) (GBL and BD); United States v. Orchard, 332 F.3d 1133 (8th Cir. 2003) (BD); and United States v. Fisher, 289 F.3d 1329 (11th Cir. 2002) (GBL).

That defendant may have special knowledge as to chemical compounds cannot be and is not decisive on the broader assertion that the statute is vague.  Washam, 312 F.3d at 930 (citations omitted) (Void for vagueness "inquiry looks at what a person of 'common intelligence' would 'reasonably' understand the statute to proscribe, not what the particular defendant understood the statute to mean.").  Nor is the issue whether the drugs in question are indeed controlled substance analogues determinative of the instant motion.  The government will have to prove at trial the nature, chemical structure, and, perhaps, composition of the drugs it charged, as well as their effect on the nervous system and their consequent illegality.

The motion to dismiss is denied.


_____                    /s/ Rya W. Zobel_____
        DATE                                 RYA W. ZOBEL
                                             UNITED STATES DISTRICT JUDGE