UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>            )</br>      v.       )</br>            )</br>NURIA SOLE,      )</br>            )</br>      Defendant.  ) | Criminal No. 04-10221-RWZ |

**DEFENDANT NURIA SOLE'S SENTENCING MEMORANDUM**

Now comes defendant NURIA SOLE, through counsel, and hereby submits this Memorandum in preparation for her sentencing.

**I.     Ms. Sole's Position Regarding her Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 46 to 57 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level attributable to Ms. Sole is 26. The base offense level is then reduced by two (2) levels based on the fact that Ms. Sole has satisfied the criteria for the "safety valve;" an additional three (3) level reduction is granted for acceptance of responsibility. The Probation Officer then attributes a two (2) level increase to Ms. Sole's offense level pursuant to U.S.S.G. § 3B1.3 on the grounds that she abused a position of private trust, thereby making the total offense level 23. Ms. Sole is given a subtotal criminal history score of 1, which yields a Criminal History Category of I.

As set forth in her objections to the PSR, it is Ms. Sole's position that she should not be given a two-level increase for an abuse of private trust. This increase is based, according to the PSR, on the fact that she used a mass spectrometer at her place of employment to analyze a substance

"with the same molecular weight as methamphetamine." Ms. Sole contends that the Government is unable to show that in any given use of the spectrometer the analyzed substance was, or was not, methamphetamine. Further, paragraph 26 of the PSR shows that the Government concedes that the majority of Ms. Sole's over 500 uses of the mass spectrometer "may be consistent with her employment[1]." Finally, while it is true that Ms. Sole ordered chemicals (for personal use) through her employment, she did this as the desperate act of a woman overwhelmed by the grip of a serious drug addiction, and not the wilful abuse of private trust.

It is therefore Ms. Sole's position that her total offense level should be 21, not 23. With a total offense level of 21 and a Criminal History Category I, Ms. Sole's GSR should be 37 to 46 months.

## II.    Ms. Sole Should be Given a Downward Departure Pursuant to U.S.S.G. § 5K2.13 Based on Diminished Capacity

Ms. Sole suggests that a downward departure is warranted based on her diminished capacity at the time she committed the crimes charged in the indictment. Pursuant to U.S.S.G. § 5K2.13, a downward departure may be warranted if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." As set forth in the October 10, 2005 report of Dr. Alison Fife, a copy of which was provided to the Court by the Probation Officer, Ms. Sole has been diagnosed as suffering from the following mental health problems: posttraumatic stress disorder secondary to childhood rape; chronic depressive disorder and suicidality; probable

---

[1] The fact that the Government concedes that the "majority" of Ms. Sole's uses of the mass spectrometer "may be consistent with her employment" suggests that it is the Government's position that some minority of her uses were not consistent with her employment. This is not proof, however, that Ms. Sole's remaining uses constitute conduct that is abusive of her private trust.

personality disorder based on childhood trauma; and methamphetamine addiction in remission. Ms. Sole clearly suffered from a significantly reduced mental capacity at the time she committed the crimes charged. Further, her reduced mental capacity contributed not only substantially, but completely, to her commission of the offenses. As explained in Dr. Fife's report, it is likely that Ms. Sole was susceptible to drug addiction based on her childhood history of severe trauma. Further, Ms. Sole's addiction was the driving force behind her involvement in the criminal conduct with which she is charged. Ms. Sole respectfully suggests, therefore, that a sentence of probation is appropriate.

While it is true that § 5K2.13 prohibits the court from departing below the applicable GSR if the defendant's significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants,[2] it is Ms. Sole's position that in her case, it was her reduced mental capacity that caused her to use drugs, and thus was the precipitating cause of her criminal conduct. As set forth in Dr. Fife's report, Ms. Sole never reported the childhood rape to anyone; as a result, she never received any psychological treatment to help her deal with the trauma. This event led Ms. Sole to lead a life of isolation and guilt, which made her susceptible to addiction when she first began using methamphetamine in or about 2002.

### III.    Ms. Sole's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan,

---

[2] U.S.S.G. § 5K2.13 also prohibits departure if the facts and circumstances of the offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; if the defendant's criminal history indicates a need to incarcerate the defendant to protect the public; or if the defendant has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18 of the United States Code. Ms. Sole submits that none of these factors are applicable in the present case.

125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of probation is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of probation is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. As noted in Dr. Fife's October 10, 2005 report, Ms. Sole is a 47 year old woman with a PhD in chemistry who has lived in the United States since 1990. Her current situation – both in terms of her mental health and her criminal conduct – have clearly been shaped by the fact that her father has bipolar disorder and a history of suicide attempts and Electro-Convulsive Therapy (ECT). Perhaps even more significantly, Ms. Sole was the victim of a rape at the age of eleven, a trauma from which she has arguably never recovered. Ms. Sole describes a history of feeling isolated and

lonely, feelings that led her to make unfortunate choices in terms of who she befriended immediately prior to her involvement with drugs.

It is equally important to note that prior to the instant indictment, Ms. Sole led a law-abiding life. She has no criminal history whatsoever. Additionally, she has significant professional accomplishments, as evidenced by the fact that she earned a PhD in chemistry. Finally, since her arrest in the instant matter, Ms. Sole has dedicated herself to overcoming her drug addiction, and has been sober for over a year now. A sentence of probation would be adequate given Ms. Sole's history and characteristics.

The nature and circumstances of the offense also warrant a sentence that is lower than the advisory GSR. While Ms. Sole acknowledges that she has made a serious error in judgment – and violated federal law – she contends that she would not have gotten involved in this offense absent her serious addiction to methamphetamine. Given that fact, and the fact that this offense is a marked deviation from an otherwise law-abiding life, a sentence of probation is appropriate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of probation would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Ms. Sole's position that a sentence of probation does reflect the seriousness of the offense and provides just punishment.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. While a sentence of probation is shorter than the GSR of 46 to 57 months suggested by the Probation Officer (as well as being shorter than the 37 to 46 months Ms. Sole contends is the correct GSR), it still affords adequate deterrence to criminal conduct for Ms. Sole. As a result of the instant offense, Ms. Sole has been evicted from her apartment, lost her job as a chemist, and is now working in the deli department at Stop & Shop. Perhaps most significantly, Ms. Sole faces deportation as a consequence of her conviction. Given the fact that to some degree, Ms. Sole has already lost everything short of her freedom, a sentence of imprisonment is not necessary to ensure that Ms. Sole will not engage in criminal conduct in the future.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. Ms. Sole has no criminal history prior to the present offense, and the reality is that her current offense caused significantly more harm to herself than to the public. The concern that the public needs to be protected from potential further crimes of the defendant is minimal or non-existent in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, or medical care, as needed. Ms. Sole clearly is not in need of any further educational or vocational training. Having successfully completed Spectrum Rehabilitation Program in Westboro and remaining sober for more than one year, it is Ms. Sole's

position that her emotional and medical needs would be much better served by remaining at the sober house while serving a sentence of probation than by any possible treatment programs available in prison.

    Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of probation is appropriate.

                                    Respectfully submitted,
                                    **NURIA SOLE,**
                                    By her attorneys,

                                    /s Christie M. Charles

                                    George F. Gormley (BBO# 204140)
                                    Christie M. Charles (BBO# 646995)
                                    ***George F. Gormley, P.C.***
                                    655 Summer Street
                                    Boston, MA 02210
                                    (617) 478-2750

**Dated:**          January 6, 2006